**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                                           No. 00-4217

FRANK WILSON, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-98-322)

Submitted: December 29, 2000

Decided: January 23, 2001

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Bruce Wallace, WALLACE & TINKLER, Charleston, South Carolina, for Appellant. Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Frank Wilson pled guilty to conspiring to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994). His guideline range was 151 to 188 months. Prior to sentencing, Wilson filed a motion for downward departure and a memorandum in support of that motion, asserting that he voluntarily underwent extraordinary post-offense rehabilitation, and that his criminal history category over-represented the seriousness of his criminal history. The government also filed a motion for downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1 (1998), citing Wilson's guilty plea and his cooperation in other prosecution efforts. The district court granted the Government's motion, but denied Wilson's. Wilson was sentenced to ninety-one months imprisonment.

In denying Wilson's motion to depart further, the district court stated that it believed it could depart only once, and that even if it had the authority to depart a second time, it would not do so in this case because Wilson had not shown sufficient grounds to warrant departure.

Wilson's counsel timely filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Counsel raised as a potential issue the trial court's refusal to depart downward on Wilson's motion, alleging that the trial court's action was based on an erroneous belief that it lacked the authority to depart, and that the trial court erred by failing to consider the injuries sustained by Wilson while incarcerated and awaiting trial. Wilson was notified of his right to file a supplemental pro se brief to this Court, but he has not done so. Because we find the assignment of error to lack merit and discern no other error in the record, we affirm.

The only circumstance under which an otherwise properly calculated sentence can be challenged on appeal is when the trial court's refusal to depart from sentencing guidelines is based upon an erroneous belief that it lacked the authority to do so. *United States v. Jones*, 18 F.3d 1145, 1148 (4th Cir. 1994). Generally, resentencing is

required when the sentencing court's refusal to depart is based upon such an erroneous belief. *United States v. Wilson*, 896 F.2d 856, 858-60 (4th Cir. 1990).

Although the trial court's expressed belief that it lacked the authority to depart more than once is inconsistent with this Court's holding in *Wilson*, *id.*, the district court did not base its refusal to depart solely upon its perceived lack of authority to do so. In discussing the refusal to depart downward upon Wilson's motion, the court specifically stated that, even if it had the authority to depart, it would not do so. Because the district court made clear that it would have denied Wilson's motion had it correctly concluded that it had the authority to depart, we find it unnecessary to vacate the sentence and remand.

Wilson next claims that the district court should have departed based on injuries he sustained while incarcerated and awaiting trial. Absent plain error or fundamental miscarriage of justice, however, this court will not review an issue that has not been raised in the district court. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). After the district court decided to grant the Government's motion, the court offered Wilson an opportunity to make a statement. Wilson took the opportunity, but did not mention any injuries suffered while incarcerated and awaiting trial. Nothing in the record suggests that the trial court's failure to discover or address the physical injuries was plain error and nothing suggests that a fundamental miscarriage of justice has resulted therefrom. Thus, the issue is not cognizable on appeal.

We affirm Wilson's sentence. In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*